IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHNATHAN ANDREWS,<br><br>          Petitioner,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent. | CRIMINAL ACTION<br>NO. 11-0440<br><br>CIVIL ACTION<br>NO. 17-2344 |

### OPINION

**Slomsky, J.**                                                                                                                June 19, 2020

**I.     INTRODUCTION**

Before the Court is Petitioner Jonathan Andrews' ("Andrews") Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") pursuant to 28 U.S.C. § 2255 ("Section 2255 or § 2255"). (Doc. No. 320.) Andrews claims that his sentence should be vacated, set aside, or corrected in light of two relatively recent United States Supreme Court decisions in <u>Johnson v. United States</u>, 135 S. Ct. 2251 (2015) and <u>Mathis v. United States</u>, 136 S. Ct. 2243 (2016). The Government has filed a Response in Opposition to the Motion. (Doc. No. 339.) For reasons that follow, the Court will deny Andrews' Motion to Vacate (Doc. No. 320) without an evidentiary hearing. A certificate of appealability will not be issued.

**II.    BACKGROUND**

On February 14, 2011, Andrews, co-defendant Joseph Meehan ("Meehan") and another co-conspirator entered a CVS Pharmacy store wearing face coverings and gloves. (Doc. No. 339.) Andrews carried a BB gun that looked like a real gun, while Meehan carried a 9mm handgun. (<u>Id.</u>) Andrews approached the cash register and demanded money from employees, while Meehan went directly to the pharmacy counter and demanded pills. (<u>Id.</u>) After obtaining money from the

1

register, Andrews joined Meehan at the pharmacy counter, where Meehan had ordered employees to open the safe and give him drugs, including Xanax and OxyContin. (Id.)

While the robbery was in progress, CVS employees were able to call to 911. (Id.) When police officers arrived at the scene, they entered the pharmacy through the front door and began evacuating employees and customers. (Id.) Once Meehan realized the police were in the store, he fired several gunshots at the store's drive-up window to shatter the window and escape from the store. (Id.) Meehan and Andrews then dropped the stolen money and drugs and jumped through the shattered window. (Id.) Once outside the pharmacy, Meehan and Andrews were confronted by police officers. (Id.) Meehan aimed his pistol at the officers who fired numerous shots at Meehan and Andrews. (Id.) Meehan and Andrews jumped over a fence and split up as they escaped. (Id.)

On October 6, 2011, Andrews and Meehan were arrested. (Id.) They were charged with committing two robberies. One was the robbery of the CVS Pharmacy store and the second was a robbery of a Blue Grass Pharmacy. On December 1, 2011, a second superseding indictment was returned charging Andrews with the following offenses: (1) the Hobbs Act robbery of money and prescription drugs belonging to Blue Grass Pharmacy, in violation of 18 U.S.C. § 1951(a)(2) (Count One); (2) using and carrying a firearm during and in relation to the Hobbs Act robbery of Blue Grass Pharmacy, in violation of 18 U.S.C. § 924(c)(1) and (2) (Count Two); (3) the attempted Hobbs Act robbery of money and prescription drugs belonging to the CVS Pharmacy store, in violation of 18 U.S.C. § 1951(a)(2) (Count Three); (4) using and carrying a firearm during and in relation to the attempted Hobbs Act robbery of the CVS Pharmacy store, in violation of 18 U.S.C. § 924(c)(1) and (2) (Count Four); and (5) knowingly possessing in or affecting interstate

commerce ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(e), and 2 (Count Nine). (See Doc. No. 28.)

Andrews entered into a guilty plea agreement with the Government. On January 10, 2013, he pled guilty to the following offenses: (1) the Hobbs Act robbery of money and prescription drugs belonging to Blue Grass Pharmacy (Count One); (2) the attempted Hobbs Act robbery of money and prescription drugs belonging to the CVS Pharmacy store (Count Three); and (3) using and carrying a firearm during and in relation to the attempted Hobbs Act Robbery of the CVS Pharmacy store (Count Four). (See Doc. No. 208.) In the guilty plea agreement, Andrews stipulated that he had two prior qualifying Pennsylvania convictions for controlled substance offenses and that he was a career offender under United States Sentencing Guideline § 4B1.1. ("USSG" or "sentencing guidelines").

In the Presentence Report, the Probation Office grouped the robbery offenses, which resulted in a combined adjusted offense level of 31 under the sentencing guidelines. (Doc. No. 339 at 2.) Andrews was classified as a "career offender" on the basis of his two prior Pennsylvania drug trafficking convictions, resulting in an offense level of 34 and criminal history category of VI. (Id.) With the Section 924(c) count, Andrews' total range of imprisonment under Section 4B1.1(c)(3) was 262 to 327 months. (Id.)

On May 15, 2014, the Court held a sentencing hearing. The Court granted a departure from the guidelines range and imposed a sentence of ninety (90) months on the Hobbs Act robbery counts (Counts One and Three) to be served concurrently to each other. The Court also imposed a consecutive sentence of 90 months on the Section 924(c) offense (Count Four). The Court ordered Andrews to serve a term of 5 years supervised release. (Id.) Andrew was also required to pay $8,750 in restitution, a special assessment fee of $300, and a fine of $500. (Id. at 6.)

On May 22, 2017, Andrews filed the instant Motion to Vacate pursuant to 28 U.S.C. § 2255. (Doc. No. 320.) In his Motion, Andrew argues that: (1) the predicate crime of attempted Hobbs Act robbery of the CVS Pharmacy store does not qualify as a "crime of violence" under 18 U.S.C. § 924(c), and (2) his prior state convictions for controlled substances offenses pursuant to 35 Pa. Stat. § 780-113(a)(30) do not constitute qualifying "controlled substance" offenses under the "career offender" sentencing guidelines. (Id.)

On January 8, 2019, the Government filed a Response. (Doc. No. 339.) The Government opposes Andrews' Motion to Vacate for three reasons. First, the Government submits that Andrews' Johnson claim is untimely under 28 U.S.C. § 2255(f)(1), which sets a one-year statute of limitations in which to file a motion under Section 2255.¹ Second, the Government submits that Andrews' conviction for attempted Hobbs Act robbery is a crime of violence under §924(c). Third, the Government argues that Andrews' challenge to the career offender designation "fails on the merits, as Andrews' prior Pennsylvania convictions qualify as controlled substance offenses under the career offender guideline, and Mathis does not alter that conclusion." (Id. at 16.) (See Doc. No. 339.) The Court agrees with the Government. For reasons that follow, Andrews' Motion to Vacate, Set Aside, or Correct Sentence will be denied.

### III. STANDARD OF REVIEW

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set

---

¹ The Government concedes that Andrews' argument under Mathis is timely, agreeing that "Andrews filed his motion within one year of the Mathis decision, which was issued on June 23, 2016, and therefore it may be considered." (See Doc. No. 339 at 16-17.)

aside or correct the sentence" where: (1) the sentence imposed was in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence was otherwise subject to collateral attack.  See 28 U.S.C. § 2255(a).  Section 2255(b) provides that if the files and records of the case conclusively show that the prisoner is entitled to no relief, the court need not serve notice upon the United States attorney of the Motion, or hold a hearing on the Motion.  28 U.S.C. § 2255(b).

**IV.    ANALYSIS**

On May 22, 2017, Andrews filed the instant Motion to Vacate for relief under Section 2255 based on the Supreme Court decisions in Johnson v. United States, 135 S. Ct. 2251 (2015) and Mathis v. United States, 136 S. Ct. 2243 (2016).  The Court will discuss below whether these cases support Andrews' claims and consider them in turn.

   **A.  Andrews' Challenge to his § 924 (c) Conviction is Meritless**

   **1.  Andrews Conviction for Hobbs Act Robbery is a Crime of Violence Under 18 U.S.C. § 924(c)'s Elements Clause**

First, Andrews contends that his conviction for attempted Hobbs Act robbery of the CVS Pharmacy store is not a "crime of violence" under 18 U.S.C. § 924(c) as charged in Count Four. As noted supra, Andrews pled guilty to attempted Hobbs Act robbery of the CVS.  The Hobbs Act is set forth in 18 U.S.C. § 1951(a) and provides as follows:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

5

Further, § 1951(b)(1) defines robbery as

> …The unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

The robbery of the CVS Pharmacy store was the offense that Andrews was committing while using and carrying a firearm as charged in Count Four. The crime charged in this Count is codified in 18 U.S.C. § 924(c)(1)(A) and provides as follows:

> "Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall" be sentenced to various terms of imprisonment between 5 and 10 years depending on whether the firearm is displayed, brandished, or discharged.

Andrews contends that his conviction for attempted Hobbs Act robbery of the Blue Grass Pharmacy Store is not a "crime of violence" under § 924(c)(1)(A). Under § 924(c)(3), a "crime of violence" is defined as follows:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
>   (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another or
>
>   (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(A),(B).

6

Subsection (A) is commonly referred to as the "elements clause" and subsection (B) as the "residual clause."

In this case, Andrews pled guilty to attempted Hobbs Act robbery. Based upon the above statutory language, it is clear that the predicate felony—attempted Hobbs Act robbery— "has an element the use, attempted use, or threatened use of physical force against the person or property of another." See 18 U.S.C. § 924(c)(3)(A). Therefore, in this case, attempted Hobbs Act robbery is a "crime of violence" under the elements clause or § 924(c)(3)(A). The residual clause or § 924(c)(3)(B) simply does not apply here.

In United States v. Robinson, a case in point here, the court held that the defendant's conviction for Hobbs Act robbery was a "crime of violence" under the elements clause or § 924(c)(3)(A), where the two offenses, Hobbs Act robbery under 18 U.S.C. § 1951(a) and brandishing a firearm during the commission of a crime of violence under 18 U.S.C. § 924(c), were tried contemporaneously and the defendant was convicted of both offenses. 844 F.3d 137 (3d Cir. 2016). The Court held that Robinson's contemporaneous convictions for Hobbs Act robbery and the § 924(c) offense established that his robbery offense constituted a "crime of violence" as it was "clear that the 'actual or threatened force, or violence, or fear of injury' in Robinson's Hobbs Act robbery sprang from the barrel of a gun." Id. at 144. Further, the court noted that "only facts that may support the conclusion that a particular crime is a 'crime of violence' are those that have either been found by the jury or admitted by the defendant in a plea." Id. (Emphasis added.)

In the instant case, Andrews' predicate offense under Section 924(c) is attempted Hobbs Act robbery. At the plea hearing in this case, Andrews admitted that he was involved in the attempted robbery of the CVS Pharmacy store and that he used a firearm in furtherance of that

offense.  (See Doc. No. 339.)   As noted supra, on February 14, 2011, Meehan, Andrews, and another co-conspirator entered the CVS store wearing face coverings and gloves. (Id.) Andrews carried a BB gun that looked like a real gun, while Meehan carried a 9mm handgun. (Id.) After obtaining money from employees at the cash register, Andrews joined Meehan at the pharmacy counter, where Meehan had ordered the employees to open the safe and give him drugs, including Xanax and OxyContin. (Id.) Based on the facts admitted to by Andrews at his guilty plea hearing, it is clear that Andrews used "actual or threatened force, or violence, or fear of injury" in committing the robbery, which constitutes a "crime of violence" under § 924(c)(3)'s elements clause.

Moreover, similar to Robinson's contemporaneous convictions, in this case Andrews was contemporaneously convicted because at his guilty plea hearing he pled guilty to attempted Hobbs Act robbery and using and carrying a firearm during and in relation to this robbery.  Therefore, it is evident beyond peradventure that Andrews was properly convicted of both offenses and so admitted in his plea.

In addition, despite the fact that it is quite clear that attempted Hobbs Act robbery is a "crime of violence" and an appropriate predicate crime under Section 924(c), Andrews still claims that under Johnson v. United States, the attempted robbery does not fall within the definition of "crime of violence."

In Johnson, the defendant pled guilty, pursuant to a plea agreement, to being an armed career criminal in possession of a firearm under the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).  Johnson, 135 S. Ct.  2551.  The ACCA imposes a mandatory minimum sentence of 15 years and a maximum sentence of life imprisonment for a conviction for a firearm offense under 18 U.S.C. § 922(g), where a defendant has three prior

8

convictions for a "violent felony" or "serious drug offense." The ACCA defines a violent felony as follows:

1. has as an element the use, attempted use, or threatened use of physical force against the person of another,

2. is burglary, arson, or extortion, [or] involves use of explosives, or

3. otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e).

Subsection 1 and 2 are referred to as the "elements clause" and subsection 3 is referred to as the "residual clause." See 18 U.S.C. § 924(e).

The Supreme Court in Johnson held that § 924(e)'s "residual clause" defining a violent felony is unconstitutionally vague. Id. The Court explained as follows:

Imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA), which provides that a felony that "involves conduct that presents a serious potential risk of physical injury to another" should be treated as a "violent felony," violates the Constitution's guarantee of due process.

Johnson, 135 S.Ct. 2551.

The Supreme Court cautioned that "today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." 135 S. Ct. at 2563.

Unlike in Johnson in which the "residual" clause of Section 924(e) was held to be unconstitutional, in this case Andrews was convicted under § 924(c) and his conviction is predicated on the "elements clause" for attempted Hobbs Act robbery. As noted earlier, Andrews was charged in Count Four with using and carrying a firearm during and in relation to a crime of violence, that is, the attempted Hobbs Act robbery charged in Count Three. This robbery is a

"crime of violence" under § 924(c)'s "elements clause," which was not impacted at all by Johnson. Thus, Andrews' challenge to his Section 924(c) conviction based on Johnson is without merit.

### 2. Andrews' Claim is Untimely

Next, the Court will consider whether Andrews' claim is timely. Under 28 U.S.C. § 2255(f)(1), a motion to vacate must be filed within one year after the judgment in the case is final. In this case, the judgment against Andrews was entered on May 15, 2014. (See Doc. No 208.) Andrews did not file an appeal. Accordingly, his conviction became final on May 29, 2014, which is fourteen days after the date of the final judgment. Andrews therefore had until May 29, 2015 to file his Motion to Vacate. Andrews, however, filed his Motion to Vacate on May 22, 2017. (See Doc. No. 320.) This is well past the one-year deadline and is approximately three years after his final judgment was entered on May 29, 2014.

Andrew asserts, however, that his Motion is timely under 28 U.S.C. § 2255(f)(3). Under §2255(f)(3), a defendant may file a motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" See 28 U.S.C. § 2255(f)(3).

Andrews' claims under § 2255(f)(3) fail on two grounds. First, the Johnson decision was issued on June 26, 2015, but Andrews did not file his Motion until May 2017. This is approximately two years later and well past the one-year mark. Second, even if Andrews filed his Motion to Vacate within the one-year period after Johnson was decided, Johnson did not recognize the right asserted by Andrews. As stated supra, in Johnson, the Supreme Court held that Section 924(e)'s "residual clause" is unconstitutionally vague. In this case, Andrews plead guilty to attempted Hobbs Act robbery, a crime of violence pursuant to § 924(c)'s "elements clause." The

Supreme Court's holding in Johnson, that is § 924(e)'s residual clause is unconstitutionally vague, does not apply here.

**B. Andrews' Challenge to the Career Offender Determination is Without Merit**

In this case, Andrews argues that his prior Pennsylvania controlled substances conviction do not qualify as predicate crimes for his "career offender" status under the sentencing guidelines. See 35 Pa. Stat. § Section 780-113(a)(30); see also USSG §4B1.1. Pursuant to USSG § 4B1.1(a), a defendant is considered a "career offender" if:

(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;

(2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and

(3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

In his Motion to Vacate, Andrews contends that his prior convictions under the Pennsylvania controlled substance statue, Pa. Stat. § 780-113(a)(30), do not qualify as a predicate offenses under the "career offender" sentencing guidelines. Andrews contends that according to the Supreme Court's decision in Mathis, his Pennsylvania state convictions do not qualify as a "controlled substance offense" because the elements of the state offense are broader than those listed in the sentencing guidelines. Id. In Mathis, the defendant pled guilty to being a felon in possession of a firearm, and he received a fifteen-year mandatory minimum sentence under the ACCA. Mathis, 136 S. Ct. 2243 (2016). The Supreme Court held that "a prior conviction does not qualify as the generic form of a predicate violent felony…if an element of the crime of conviction is broader than an element of the generic offense because the crime of conviction enumerates various alternative factual means of satisfying a single element." Id. The court noted that when a defendant's prior conviction is under an indivisible statute—a statute with a single set

11

of elements—then the conviction qualifies as an ACCA predicate only if its elements are not broader than those of its federal equivalent. Id. at 2248-49. But if a statute defines a crime with multiple alternative elements such that it creates different offenses or is "divisible," courts may resort to the "modified categorical approach" which considers (1) the statutory definition of the crime and (2) the elements "integral to the defendant's conviction." Id. at 2249.

Here, Andrews was previously convicted twice of "possession with intent to deliver" ("PWID") a controlled substance. Pa. Stat. § 780-113(a)(30). The relevant statute, 35 Pa. Stat. § 780-113(a)(30), is a divisible statute,[2] and Andrews does not argue to the contrary. See United States v. Abbott, 748 F.3d 154, 159 (3d Cir. 2014). Thus, the Court will apply the "modified categorical approach.

Regarding the first component to the "modified categorical approach," the Court will look to the statutory definition or elements of Pennsylvania's statute to determine whether a "controlled substance" offense under that statute is defined more broadly than a controlled substance offense under the sentencing guidelines. Under the sentencing guidelines, a "controlled substance offense" is an offense under federal or state law

> punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with the intent to manufacture, import, export, distribute, or dispense.

---

[2]   35 Pa. Stat. § 780-113(a)(30) states as follows:

> Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

Because this statute includes multiple alternative elements such that it creates different offenses, it is a divisible statute.

USSG § 4B1.2(b).

As noted, Pennsylvania's controlled substance statute, 35 Pa. Stat. § 780-113(a)(30) ("Pennsylvania statute"), provides as follows:

> Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

Based on these statutory definitions, both the sentencing guidelines and the Pennsylvania statute define "controlled substance offenses" with the same elements. Both definitions include the critical language "possession of a controlled substance" with the "intent to distribute." For this reason, the Pennsylvania statute does not include elements that are broader than those in the controlled substance offense provision of the sentencing guidelines. Accordingly, Andrews' prior convictions under the Pennsylvania statute qualify as "controlled substance offenses" under the sentencing guidelines because they are offenses involving the "possession of a controlled substance with the intent to manufacture, import, export, distribute, or dispense." See USSG § Section 4B1.2(b).

Regarding the second component to the "modified categorical approach," the "integral" elements of the Pennsylvania statute show that Andrews' offenses under this statute constitute a "controlled substance offense" under the sentencing guidelines. The integral elements in Pennsylvania's controlled substance statute or Pa. Stat. § 780-113(a)(30) are (1) possession (2) with intent to deliver, and (3) a controlled substance. Similarly, under the sentencing guidelines, a "controlled substance offense" is "the possession of a controlled substance with the intent to…distribute or dispense." Therefore, because the statutory definitions are similar and the integral elements are the same, Andrews' prior convictions under the Pennsylvania controlled

substances statute are "controlled substance offenses" which render him a "career offender" under the sentencing guidelines.

Andrews argues, however, that his state convictions under 35 Pa. Stat. § 780-113(a)(30) are broader than the USSG's definition of a "controlled substance offense" because it criminalizes an offer to sell drugs.  (See Doc. No. 320.)  But in United States v. Glass, the Third Circuit held to the contrary.  904 F.3d 319 (3d Cir. 2018).  Because Section 780-113(a)(30) did not sweep more broadly than § 4B1.2, the Third Circuit held that it is a "controlled substance offense" and may serve as a predicate offense for the career offender enhancement under § 4B1.1.  Id. at 324.

Therefore, because Andrews' convictions under the Pennsylvania controlled substances statute constitute a "controlled substance offense" under the sentencing guidelines, Andrews is a "career offender" because

> (1)     [Andrews] was at least eighteen years old at the time [he] committed the instant offense of conviction;
>
> (2)     the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and
>
> (3)     [Andrews] has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a).

Lastly, Andrews agreed to his career offender status when he pled guilty in this case.  And in his plea agreement, Andrews stipulated that because he had the two prior qualifying state convictions for controlled substance offenses, he was a "career offender" under USSG § 4B1.1.  (See Doc. No. 339 at 2.)  His attempt now to overturn that stipulation is unavailing.  He agreed to his "career offender" status when he pled guilty.

Consequently, Andrews' challenge to the "career offender" designation under the sentencing guidelines is without merit.

## V.     CONCLUSION

For the foregoing reasons, Andrews' claims are meritless and will be dismissed without an evidentiary hearing because the record shows conclusively that he is not entitled to relief.  When a court issues a final Order denying a § 2255 motion, the court must also decide whether to issue or deny a certificate of appealability. See 28 U.S.C. § 2255, R. 11(a).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court will not issue a certificate of appealability in this case because Andrews failed to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  An appropriate Order follows.